FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 6 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID HOLMES,

                          Petitioner,

- against -

RAYMOND CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility,

                          Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-00550 (CBA)

AMON, Chief United States District Judge.

On January 22, 2013, petitioner David Holmes, proceeding pro se, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set forth below, determined that the court lacks jurisdiction over this petition.

The federal habeas statute gives the Court jurisdiction to review petitions for habeas relief only from persons who are "in custody pursuant to the judgment of a State court only on the ground that he is "in custody violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, to proceed on a petition for a writ of habeas corpus, a petitioner must make a threshold showing that he or she is "'in custody' under the conviction or sentence under attack at the time [the] petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). A petitioner is not "in custody" if his sentence of incarceration or probation has been fully served and only collateral consequences related to the conviction remain." Maleng, 490 U.S. at 491-92. Where, however, a pro se petition, such as the one currently before the Court, can be liberally construed "as asserting a challenge to a [current] sentence[], as enhanced by [an] allegedly

1

invalid prior conviction," the "in custody" requirement is satisfied. Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999) (quoting Maleng, 490 U.S. at 493-94 (internal quotation marks omitted)).

Holmes is currently incarcerated pursuant to a 2002 Westchester County conviction for second degree burglary, for which he was sentenced to a term of imprisonment of sixteen years to life. (Pet. 2-3.) His challenge in the pending petition, however, is to his 1977 judgment of conviction in Queens County for second degree robbery for which he was sentenced to a term of zero to ten years imprisonment. (See Pet. 1.) Because he is no longer "in custody" for the conviction he is challenging, the Court dismisses Holmes's petition for lack of jurisdiction.

The Court notes, however, that Holmes may be able to challenge his prior conviction indirectly on the basis that his current sentence was "enhanced by [an] allegedly invalid prior conviction." Williams, 195 F.3d at 96. Holmes asserts that he was sentenced pursuant to the conviction for which he is currently incarcerated "as a persistent violent felony offender," a classification presumably imposed in part due to his earlier 1977 conviction.[1] (Pet. 2-3.) In addition, because Holmes is presently incarcerated, and therefore "in custody," pursuant to his current conviction, he is not barred by the "in custody" requirement from challenging his current conviction. Accordingly, Holmes "may challenge his prior conviction, but he may only do so indirectly, through a challenge to his current conviction[]." Barnes v. Superintendent, No. 08-CV-2158, 2012 WL 4049617, at *2 (E.D.N.Y. Sept. 13, 2012). To the extent that he seeks to make such a challenge, however, he must make that claim explicitly and file a new petition in the Southern District of New York since he is currently incarcerated in Sullivan County pursuant to

---

[1] Holmes states that he was also convicted in 1983 of first and second degree burglary in Nassau County and received consecutive prison terms of ten to twenty and five to ten years. (See Pet'r's Mem. at 2.)

2

a 2002 Westchester County conviction, both of which place a challenge to his current conviction in the jurisdiction of the Southern District. See 28 U.S.C. § 2241(d).

The Court cautions Holmes as he considers whether to file a new petition that there appear to be two substantial obstacles to his challenge. First, although the U.S. District Court for the Southern District may have jurisdiction over an indirect challenge to his 1977 conviction, relief is available for such a claim only in very limited circumstances, such as the failure to appoint counsel in violation of the Sixth Amendment. Lackawanna, 532 U.S. at 403-04. The Court is not persuaded that the attacks made in the instant petition against his prior conviction fall into these limited circumstances warranting relief.

Second, the Court notes that any challenge to Holmes's ten-year-old conviction from 2002 appears to be time-barred by the one year statute of limitations for bringing § 2254 petitions. A state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This limitations period, however, is tolled by statute for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period may also be equitably tolled, but only if petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (internal quotation omitted). Were he to submit a new petition challenging his 2002 conviction, Holmes would need to present facts, including information supporting either statutory or equitable tolling, which would make clear that his claim is timely.

## CONCLUSION

Accordingly, because Holmes fails to satisfy the "in custody" requirement, the Court dismisses Holmes's petition for a writ of habeas corpus for lack of jurisdiction. Since Holmes has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). To the extent that Holmes seeks to challenge his current sentence on the basis that it was improperly enhanced by an allegedly invalid prior conviction, he should file a new petition in the Southern District of New York. The Court certifies that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 6, 2013

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge