FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 0 4 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID HOLMES,

                        Petitioner,

   - against -

RAYMOND CUNNINGHAM, Superintendent,
Woodbourne Correctional Facility,

                        Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-00550 (CBA)

AMON, Chief United States District Judge.

On January 22, 2013, petitioner David Holmes, proceeding pro se, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge his 1977 Queens County conviction for robbery in the second degree. By Order dated March 6, 2013, the Court dismissed Holmes's petition for lack of jurisdiction due to Holmes's failure to satisfy the "in custody" requirement. (DE #6.) The Court also informed him that to the extent that he seeks to indirectly challenge his 1977 conviction through a claim that his current sentence was improperly enhanced by that allegedly invalid prior conviction, he should file a new petition in the Southern District of New York explicitly stating so. In a submission dated March 11, 2013, Holmes moved the Court to reconsider its dismissal of his petition for lack of jurisdiction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (DE #8, #9.) Based on the information that Holmes has provided in his recent submissions, the Court vacates its March 6, 2013 Order dismissing the petition for failing to satisfy the "in custody" requirement and directs respondent to respond according to the schedule set forth below.

Although not clear from his original petition, Holmes makes plain in his most recent submissions that he is currently incarcerated pursuant to a series of consecutive sentences that

1

reach back to his 1977 conviction. (DE #8.) As Holmes indicates, because he was still on parole when convicted for each of the two subsequent crimes he committed in 1983 and again in 2002, his prior sentences had not yet expired when each of his new sentences—which were set to run consecutively with his prior sentences—was imposed. (Holmes Aff. ¶¶ 4-7.) Accordingly, Holmes is currently serving the "aggregate" of his 1997, 1983 and 2002 sentences and "remains 'in custody' under 'all of his sentences until all are served.'" Smalls v. Batista, 22 F. Supp. 2d 230, 234 (S.D.N.Y. 1998) (quoting Garlotte v. Fordice, 515 U.S. 39, 41 (1995)). Holmes thus satisfies the "in custody" requirement to challenge his 1977 conviction.

The Court notes that there remains a question of timeliness in light of the fact that Holmes seeks to challenge a conviction that is approximately thirty-six years old. However, insofar as Holmes is unable to demonstrate that his claims are not time-barred, because he has asserted a claim of actual innocence, that claim may "provide a basis for excusing" any such untimely claims. Friedman v. Rehal, 618 F.3d 142, 152 (2d Cir. 2010).

## CONCLUSION

Accordingly, the Court vacates its March 6, 2013 Order dismissing Holmes's petition for a writ of habeas corpus for lack of jurisdiction and directs the Clerk of Court to vacate judgment. The Court further orders that:

1. The Attorney General of the state of New York, or the District Attorney of Queens County, as attorney for the respondent, show cause before this Court by the filing of a return to this petition, why a writ of habeas corpus should not be issued;
2. Within sixty (60) days of this Order, respondent shall serve a copy of the return, consisting of necessary affidavits and briefs, on Holmes and file the original with proof of service with Clerk of Court;
3. Respondent shall submit the transcript and record of the trial and any hearings to this Court at the time of filing such return. Respondent is required to electronically file the State Court Record, with no individual attachment to the entry exceeding 5 megabytes. Respondent is also directed to supply a hard copy to Chambers which must be clearly marked "Courtesy Copy, original filed in ECF, Dkt. No. CV 13-00550."

4. Respondent shall submit, at the time of filing of such return, copies of Holmes's and the District Attorney's briefs: (a) on appeal, (b) in connection with proceedings pursuant to section 440 of New York's Criminal Procedure Law, and (c) in connection with coram nobis proceedings, if any such proceedings took place, as well as all relevant state court transcripts, decisions and opinions.
5. Holmes, within thirty (30) days of receipt by him of a copy of respondent's return shall file his reply, if any, with the Clerk of Court.
6. All communications with the Court must be served on the opposing party;
7. Service of a copy of this Order shall be made by the Clerk of Court by certified mail, together with a copy of the petition to the Attorney General of the State of New York, 120 Broadway, New York, New York 10271 and the District Attorney of Queens County, 125-01 Queens Blvd., Kew Gardens, NY 11415, and by mailing a copy of this Order to Holmes.

SO ORDERED.

Dated: Brooklyn, New York
April 4, 2013

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge