FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 30 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID HOLMES,

                Petitioner,

- against -

ROBERT CUNNINGHAM, Superintendent at
Woodbourne Correctional Facility,

                Respondent.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-0550 (CBA)

AMON, Chief United States District Judge.

On January 22, 2013, David Holmes petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate his 1977 state conviction. As discussed in greater detail below, the Court dismisses Holmes's habeas petition as time-barred.

## BACKGROUND

On November 17, 1977, Holmes pleaded guilty to robbery in the second degree, N.Y. Penal Law § 160.10, and admitted that he "went up on the [victim] with the gun . . . [and] stuck her up." (Plea Tr. at 5-6.) Holmes did not appeal this conviction and was subsequently released from prison. (Pet. at 2-3.) Then, in 1983, Holmes was convicted of Burglary in the First Degree and Burglary in the Second Degree, N.Y. Penal Law §§ 140.25, 140.30. After being released Holmes was again convicted, in 2002, of Burglary in the Second Degree, N.Y. Penal Law § 140.25. (Pet. at 2.) After the 2002 conviction, Holmes was sentenced as a persistent violent offender to 16 years to life and presently remains incarcerated on that charge. (Pet. at 2-3.)

Holmes did not appeal the 1977 judgment of conviction. (Pet. at 3.) However, he challenged his conviction in at least two CPL § 440 motions, the first in 2006 and the second in 2011. (Fleischmann Decl. Exs. C, L.) Holmes was denied relief under both of his § 440

1

motions. On January 22, 2013, Holmes filed the instant habeas petition with the Court. He argues (1) that he received ineffective assistance of counsel because his attorney failed to ascertain under which subdivision of robbery in the second degree Holmes was pleading, (2) that his plea deal was defective and (3) that he is actually innocent of robbery in the second degree and is only guilty of robbery in the third degree.[1]

## DISCUSSION

Respondent argues that Holmes's petition should be dismissed as time barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which of these triggering events is used to calculate the limitations period, Holmes's claim is untimely.

### I. Time Barred

Holmes was sentenced on December 15, 1977. He failed to file a direct appeal and his conviction became final 30 days later, on January 15, 1978. See, Jarman v. New York, 234 F. Supp. 2d 213, 214 (E.D.N.Y. 2002). AEDPA became effective on April 24, 1996. Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998). A petitioner whose conviction became final prior to AEDPA's effective date had one year from AEDPA's effective date to file a petition for habeas

---

[1] Although Holmes appears to be asserting a free standing claim of actual innocence, this Court liberally construe Holmes to also be arguing that his petition is not time barred because he is asserting a claim of actual innocence.

2

relief. See Ross, 150 F.3d at 98-99. Therefore, Holmes's claim became time barred on April 24, 1997, unless Holmes can show that the statute of limitations period should be tolled—a demonstration that he fails to make.

A. Statutory and Equitable Tolling

Holmes is not entitled to either statutory or equitable tolling. A petitioner is entitled to statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Where, as here, the clock has already expired at the time that the petitioner filed his motion, filing the motion has no tolling effects. Sorce v. Artuz, 73 F. Supp. 2d 292, 294 (E.D.N.Y. 1999); Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007); see also Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (holding that the filing of a post-conviction motion does not start the one-year limitations period anew but simply stops the clock while the motion remains undecided). The AEDPA statute of limitations ran on April 24, 1997. Holmes's two § 440 motions filed in 2006 and 2011, well after his time to file a federal habeas expired, fail to toll the statutory period.

Equitable tolling applies when the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). The Second Circuit "set[s] a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). Moreover, "[w]hether a circumstance is extraordinary depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period.'" Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012)

(quoting Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008)). The petitioner must "'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'" Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). Here, Holmes fails to meet this bar as his three claims—that his counsel was ineffective, that his plea was defective, and that he was actually innocent—were known to him in 1977, and he fails to note any factor which prevented him from bringing any of these claims in the 36 years since his initial guilty plea.

B. Actual Innocence

Holmes fares no better in attempting to use actual innocence to overcome the untimeliness of his petition. Holmes argues that because he was initially indicted under N.Y. Penal Law § 160.15(1), which requires that he cause "serious physical injury" to his victim, it was improper for the Supreme Court to find him guilty of robbery in the second degree under a "displays a weapon" theory. Holmes also appears to argue that he is actually innocent because he was indicted on first degree robbery and New York law does not consider second degree robbery to be a lesser included offense of first degree robbery. These arguments fail to support a claim of actual innocence.

A petitioner cannot succeed on an actual innocence claim "unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). To succeed on a claim of actual

4

innocence, a petitioner must demonstrate "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 615 (1998).

In his plea allocution, Holmes admitted to committing robbery in the second degree, stating that he robbed the victim with a shotgun. Under N.Y. Penal Law § 160.10(2)(b) a person is guilty of robbery in the second degree if during the course of forcibly stealing property he displays what appears to be a firearm. Holmes admits that he "cannot and does not deny that he committed a robbery" (Pet. at 11) and at his plea hearing explicitly stated that he approached the victim with a gun (Plea Tr. at 5-6). Holmes failed to produce any evidence that might introduce reasonable doubt or that in any way calls into question the veracity of his statements at his plea hearing.

To the extent that Holmes argues he is actually innocent because he pleaded guilty to second degree robbery, which was not a lesser included offense to the indicted crime of first degree robbery, this argument cannot form a basis for habeas relief and does not support a claim of actual innocence. See Lebron v. Sanders, No. 02-CV-6327, 2008 WL 793590, at *10 (S.D.N.Y. Mar. 25, 2008) ( holding that because petitioner's claim that he plead to a crime that was not a lesser included offense of the indicted offense was a claim that "challenges the application of a state law of criminal procedure, it cannot form a basis for habeas relief.") Because Holmes's own admissions satisfied the elements of robbery in the second degree, he fails to show actual innocence.

## CONCLUSION

Accordingly, the Court dismisses Holmes's petition for a writ of habeas corpus as untimely. Since Holmes has failed to make a "substantial showing of the denial of a

constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
 July 29, 2014

s/Carol Bagley Amon
_____
Carol Bagley Amon
Chief United States District Judge